UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEALTH FREEDOM DEFENSE FUND, INC, <br><br> Plaintiff, <br><br> v. <br><br> US FREEDOM FLYERS, INC., a Texas nonprofit corporation; US FREEDOM FLYERS, a North Carolina unincorporated association; JOSHUA YODER, individually and in his capacity as President and Board Member of US Freedom Flyers, Inc.; JONI DUNN, individually and in her capacity as Executive Director and Board Member of US Freedom Flyers, Inc.; JESSICA SARKISIAN, individually and in her capacity as a representative of the unincorporated association US Freedom Flyers; VERONICA HARRIS; and RON SOUTHER, <br><br> Defendants. | Case No. 4:23-cv-00380-AKB <br><br> **MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS** |

On August 22, 2023, Defendants removed this case from Bonneville County District Court to federal district court. (Dkt. 1). Before removal, the state district court ordered entry of default as to Defendants Sarkisian, Harris, and Southern (Dkt. 1 at Exs. Y, Z, BB); Defendant Sarkisian filed a motion to set aside the entry of default (Dkt. 3); and Defendant Harris filed a motion to dismiss (Dkt. 9). For the reasons discussed, the Court sets aside the entries of default as to Defendants Sarkisian, Harris, and Souther and denies Defendant Harris's motion to dismiss.

**MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 1**

# I. BACKGROUND

In 2021, Plaintiff Health Freedom Defense Fund, Inc. entered into an "Administration Agreement" with Defendant US Freedom Flyers whereby Plaintiff would receive monetary donations and provide public relations services for litigation brought by Defendant US Freedom Flyers challenging federal COVID-19 mandates. (Dkt. 1 at Ex. A at Ex. 4). In November 2021, a suit was filed on behalf of Defendant US Freedom Flyers and Plaintiff, among others, challenging a federal COVID-19 vaccine mandate. (*Id.* at ¶ 25). After President Biden ended the COVID-19 national emergency in April 2023, however, the suit was dismissed. (*Id.* at ¶ 30). Plaintiff still holds over $500,000 raised for purposes of funding Defendant US Freedom Flyer's vaccine mandate litigation. (*Id.* at ¶ 31). Plaintiff would like to redirect the funds to other health freedom-oriented litigation that it supports. (*Id.* at ¶¶ 32-33).

To that end, on June 21, 2023, Plaintiff filed suit against Defendants US Freedom Flyers, Inc., US Freedom Flyers, Joshua Yoder, Joni Dunn, Jessica Sarkisian, Veronica Harris, and Ron Souther in state district court, seeking a declaratory judgment against Defendants as to the charitable funds Plaintiff currently holds. (Dkt. 1 at Ex. A). US Freedom Flyers, Inc., is allegedly a successor organization to US Freedom Flyers, and the individually named Defendants are officers or representatives of US Freedom Flyers and/or US Freedom Flyers, Inc. (Dkt. 1 at Ex. A at ¶¶ 13-20, 70).

On July 28, Defendants Sarkisian, Harris, and Souther, each proceeding pro se, filed a motion for extension of time to answer, stating they had not found legal representation and needed additional time to obtain counsel and respond to the complaint. (Dkt. 1 at Ex. R; *see* Dkt. 1 at Ex. LL; Dkt. 2). On August 1, Plaintiff moved for an entry of default against Defendants Sarkisian,

Harris, and Souther under Idaho Rule of Civil Procedure 55(a)(1).[1] (Dkt. 1 at Exs. S, T, U). Without addressing the outstanding motion for an extension of time, the state district court ordered entry of default against Defendants Sarkisian, Harris, and Souther.[2] (Dkt. 1 at Exs. Y, Z, BB). On August 10, Defendant Sarkisian, still proceeding pro se, filed a motion to set aside the entry of default. (Dkt. 1 at Ex. GG; Dkt. 3). On August 14, Defendant Harris pro se filed a motion to dismiss. (Dkt. 1 at Ex. DD; Dkt. 9). Plaintiff filed objections to both of these motions. (Dkt. 1 at Exs. JJ, KK).

The state district court did not address these motions, however, because on August 22, 2023, all Defendants filed a notice of removal to federal district court. (Dkt. 1). On August 29, all Defendants filed an answer. (Dkt. 8). Then, on September 19, all Defendants filed an amended answer, and Defendants US Freedom Flyers, US Freedom Flyers, Inc., and Yoder raised a "counterclaim for breach of fiduciary duty, declaratory judgment, breach of contract and injunctive relief." (Dkt. 12 at p. 13). In response to the counterclaim, Plaintiff filed a motion to dismiss for

---

[1]  Idaho Rule of Civil Procedure 55(a)(1) provides "the court must order entry of the party's default" when the party has failed to defend against suit and such failure is shown by affidavit or otherwise. By contrast, under Federal Rule of Civil Procedure 55(a), the clerk, not the court, enters default when the party has failed to defend and such failure is shown by affidavit or otherwise.

[2]  At about the same time, the state district court also entered "default" as to Defendants Sarkisan, Harris, and Souther. (Dkt. 1 at. Exs. X, W, V). This Court, however, does not distinguish the "default" from "entry of default" documents in this case and instead construes the "default" and "order for entry of default" documents as granting Plaintiff entry of default as to Defendants Sarkisan, Harris, and Souther. The Court so construes because the "defaults" and "entries of default" were filed in the record in the same timeframe; Plaintiff sought entry of default by motion, not default judgment; and none of the documents constitute judgments.

**MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 3**

failure to state a claim. (Dkt. 18). Based on issues raised in Plaintiff's motion to dismiss, all Defendants filed an "expedited motion for transfer of venue" on October 30. (Dkt. 24).

As the record illustrates, all parties have continued to file with this Court and have attempted to proceed with this action, despite the state court's orders of entry of default against Defendants Sarkisian, Harris, and Souther and despite the lack of service of process on Defendants Yoder and Dunn.[3] The Court notes the entries of default foreclose Defendants Sarkisian, Harris, and Souther from proceeding in this action unless and until default is set aside. The Court construes Defendants' answer, and subsequent amended answer, however, as a request to set aside the entries of default as to Defendants Sarkisian, Harris, and Souther. *See Davies v. Guinn Res. Co.*, 978 F.2d 714 (9th Cir. 1992).

## II. DISCUSSION

**1. Motions to Set Aside Entries of Default**

Despite the state district court's orders for entry of default against Defendants Sarkisian, Harris, and Souther, all Defendants filed an answer, and subsequently an amended answer, after removing the case to federal court. (*See* Dkts. 8, 12). Following removal, a federal district court "treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Therefore, the entries of default against Defendants Sarkisian, Harris, and Souther must be treated as if rendered in federal court and will therefore be treated as if entered pursuant to Federal Rule of Civil Procedure 55(a). *See id.* Unless

---

[3] Federal Rule of Civil Procedure 12(h)(1)(B) provides a party's failure to raise a defense based on insufficient service of process in a responsive pleading constitutes a waiver of that defense. Accordingly, Defendants Yoder and Dunn have waived the issue.

**MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 4**

the entries of default are set aside, these defendants are foreclosed from otherwise defending against the action. *See, e.g.*, KT AMC Co. v. LWC Cap., LLC, No. 217CV04289ODWPLA, 2017 WL 7171719, at *1 (C.D. Cal. Nov. 6, 2017).

The filing of an answer, however, may be construed as a motion to set aside an entry of default, and the Court will so construe in this case. *See Siegler v. Sorrento Therapeutics, Inc.*, No. 2020-1435, 2021 WL 3046590, at *12 (Fed. Cir. July 20, 2021); *Davies*, No. 91-15065, 1992 WL 317249, at *1; *Hughes v. Port of Seattle*, Nos. 87-3627, 87-3650, 1988 WL 60164, at *3 (9th Cir. June 3, 1988); *see also* Fed. R. Civ. P. 1 (providing rules should be employed by the court "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Additionally, Defendant Sarkisian, while still proceeding pro se, filed a motion to set aside default with the state court (Dkt. 1 at Ex. GG), and Defendant Harris, while also still proceeding pro se, filed a motion to dismiss with the state court (Dkt. 1 at Ex. DD), which Plaintiff construed as a motion to set aside the entry of default (Dkt. 1 at Ex. KK).

Rule 55(c) provides a court may set aside an entry of default for "good cause shown." *See also* Fed. R. Civ. P. 81(c)(1) (stating federal rules apply after a civil action has been removed from state court). In determining whether good cause exists, a court must consider three factors: (1) whether Defendants engaged in culpable conduct that led to the entry of default; (2) whether Defendants have a meritorious defense; or (3) whether setting aside the entry of default would prejudice Plaintiff. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Here, before Plaintiff sought entry of default, Defendants Sarkisian, Harris, and Souther filed a motion for extension of time to obtain counsel and respond to the complaint, and their

**MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 5**

motion reflects they previously contacted Plaintiff's counsel about obtaining an extension, though to no avail. (*See* Dkt. 1 at Exs. Y, Z, BB). For that reason, the Court does not view their failure to answer as intentional or culpable. Moreover, Defendants have since obtained counsel; the action has been removed to federal court; Defendants promptly filed an answer, followed by an amended answer, and have subsequently engaged in motion practice.

Turning to whether Defendants have a meritorious defense, Defendants' amended answer contests the application of state statutes Plaintiff relies on in bringing its complaint for declaratory judgment, because as Defendants argue, the statutes cited apply to educational institutions. Likewise, to the extent Plaintiff seeks declaratory judgment because the intended use for the funds is now impossible or impracticable to fulfill, Defendants contend the intent is not now impossible or impracticable. (*Compare* Dkt. 1 at Ex. A, ¶ 64 *with* Dkt. 12 at ¶¶ 38-40). Indeed, to Defendants' point, even Plaintiff "believes further vaccine and mask mandate litigation is likely and anticipates filing other lawsuits, consistent with its mission and charitable purpose." (Dkt. 1 at Ex. A, ¶ 66). In short, Defendants have presented a cognizable defense sufficient under the requisite "good cause" analysis. *See Gambol Indus., Inc. v. M/Y Heart's Desire*, 626 F. Supp. 3d 1138, 1146 (C.D. Cal. 2022) (providing that the burden of showing a meritorious defense is "relatively low" and that the truth of any facts supporting such a defense is not determined at this stage); *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4-5 (1st Cir. 2010) (noting that a party is not required to prove a potentially meritorious defense at this stage).

Finally, this Court notes that, where possible, a case should be decided on the merits, as judgment by default is a drastic event requiring extreme circumstances. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091. Extreme circumstances are not present in this case,

**MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 6**

and Plaintiff will not be prejudiced by setting aside the entries of default. Given the foregoing, good cause exists to set aside the entries of default as to Defendants Sarkisian, Harris, and Souther, entered by the state district court prior to removal to federal district court.

### 2. Defendant Harris's Motion to Dismiss

Having set aside the entry of default as to Defendant Harris, the Court now turns to her pro se motion to dismiss. (Dkt. 9; *see also* Dkt. 1 at Ex. DD). Defendant Harris filed her pro se motion to dismiss for insufficient service of process prior to the answer being filed by counsel with this Court. Indeed, a motion asserting insufficient service of process must be made prior to filing an answer. Fed. R. Civ P. 12(b). A party is not required to wait until a motion to dismiss is resolved before filing an answer. *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009). Accordingly, the Court takes up Defendant Harris's motion to dismiss and construes the motion as one to dismiss for insufficient service of process.

A party may contest the sufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). If a court finds service was insufficient, the court may dismiss the action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (providing "in the absence of service of process . . . a court ordinarily may not exercise power over a [defendant]"). Once service has been challenged, the plaintiff bears the burden of showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see also S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (noting "the plaintiff generally has the burden to establish jurisdiction"). This burden is satisfied when the process server files a return of service, which acts as "prima facie evidence of valid service." *Internet Sols. for Bus. Inc.*, 509 F.3d at 1166 (quoting

*O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). The defendant may overcome this presumption only by "strong and convincing evidence." *Id.*

Here, Defendant Harris contends she "was not properly served," because her mother "was served in California" and Defendant Harris does not live in California. (Dkt. 1 at Ex. DD). Defendant Harris also states that the process server "knocked on [her mother's] door at night and asked for Ms. Harris not Veronica Harris" and that service was thereafter left in her mother's mailbox. (Dkt. 1 at Ex. EE). While Plaintiff did not file any briefing responsive to the issue of service on Defendant Harris, the Court notes proof of service was filed for Defendant Harris. The proof of service provides a process server served Defendant Harris or a party authorized to receive process on her behalf on July 8, 2023, in View Park, California. (Dkt. 1 at Ex. Q). Such service is allowed under Federal Rule of Civil Procedure 4(e). As noted, filing proof of service is prima facie evidence of valid service. *Internet Sols. for Bus. Inc.*, 509 F.3d at 1166.

The record does not reflect Defendant Harris addressed the proof of service filed or otherwise attempted to provide strong and convincing evidence that service was insufficient. Accordingly, Defendant Harris's motion to dismiss for insufficient service is denied. Defendant Harris may replead the motion if she continues to assert insufficient service. *See* Fed. R. Civ. P. 81(c)(2). Any such repleading by Defendant Harris must occur within fourteen (14) days of the issuance of this order. If Defendant Harris repleads, Plaintiff is permitted to file a response on the issue of insufficient service of process, and Defendant Harris will be permitted to reply.

MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND
MOTION TO DISMISS - 8

### III.  ORDER

**IT IS HEREBY ORDERED:**

1. The state district court's Orders for Entry of Default against Defendants Sarkisian, Harris, and Souther (Dkt. 1 at Exs. Y, Z, BB) are **SET ASIDE** for good cause.  Accordingly, Defendant Sarkisian's Motion to Set Aside Default (Dkt. 3) is **GRANTED**.

2. Defendants Sarkisian, Harris, and Souther's Motion for Extension of Time to Answer is **MOOT**.  Defendants' Answer (Dkt. 8) and Amended Answer (Dkt. 12) were filed **TIMELY**.  Fed. R. Civ. P. 81(c)(2)(C) (providing an answer may be filed within "7 days after the notice of removal is filed"); Fed. R. Civ. P. 15(a)(1) (providing a party may amend a pleading as a matter of course within twenty-one days).

3. Defendant Harris's Motion to Dismiss (Dkt. 9) is **DENIED WITHOUT PREJUDICE**.  Defendant Harris may replead her motion to dismiss for insufficient service of process.  *See* Fed. R. Civ. P. 81(c)(2).  Any such repleading by Defendant Harris must occur within fourteen (14) days of the issuance of this order.  If Defendant Harris repleads, Plaintiff is permitted to file a response on the issue of insufficient service of process.

DATED: December 29, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER RE ENTRIES OF DEFAULT AND MOTION TO DISMISS - 9